UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORSHA N. MCGEE,

    Plaintiff,

                                    Case No. 13-14746

v.                                  Hon. Lawrence P. Zatkoff

DR. YOON,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 26, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Plaintiff submitted her *pro se* complaint [dkt 1], an application to proceed *in forma pauperis* [dkt 4], an application for appointment of counsel [dkt 5] and a request for service [dkt 6] on November 15, 2013. For the following reasons, Plaintiff's request to proceed *in forma pauperis* is GRANTED and her *pro se* complaint is DISMISSED.

## II. ANALYSIS

**A. PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS***

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See*

*Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id*. at 261.

The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court GRANTS Plaintiff's application to proceed *in forma pauperis* [dkt 4].

**B. APPLICATION FOR APPOINTMENT OF COUNSEL**

Plaintiff also requested that the Court appoint counsel on her behalf. "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citations omitted). Plaintiff has not shown here that exceptional circumstances warranting appointment of counsel exist. Therefore, Plaintiff's application for appointment of counsel [dkt 3] is DENIED.

**C. REVIEW OF PLAINTIFF'S COMPLAINT**

Upon considering a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Here, Plaintiff Dorsha N. Magee ("Plaintiff") filed a *pro se* complaint alleging violations of Titles I and V of the Americans with Disabilities Act ("ADA") against Defendant Dr. Yoon ("Defendant"). Plaintiff's complaint states that Defendant harassed Plaintiff due to an alleged disability Plaintiff was suffering from. The complaint also asserts violation of "patient rights" and the American Board of Psychiatry and Neurology rules. The facts Plaintiff provides, however, seem to indicate that other employees "harassed" Plaintiff due to her assistance of a "homeless consumer." Indeed, the only action Plaintiff alleges Defendant took was a refusal to discharge Plaintiff from St. Joseph Mercy Hospital. It appears from Plaintiff's complaint, however, that Defendant does not work for St. Joseph, and is instead employed by Community Network Services. Additionally, the Court finds that there is nothing in the complaint to suggest that Defendant in any way violated the ADA. As such, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus is dismissed without prejudice.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* [dkt 4] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's application for appointment of counsel [dkt 5] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's request for service [dkt 6] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's complaint [dkt 1] is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.

Date: November 26, 2013         s/Lawrence P. Zatkoff
                                Hon. Lawrence P. Zatkoff
                                U.S. District Court